# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER S. BARKSDALE,** | CASE NO. 1:22 CV 2107 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **STATE OF OHIO GENERAL ASSEMBLY, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Christopher S. Barksdale filed this action against the State of Ohio General Assembly, the Cuyahoga County Auditor, the City of Cleveland Division of Water, and the Northeast Ohio Regional Sewer District. Plaintiff objects to fixed fees, including late fees and interest charges, that were added to his monthly water, sewer, and property tax bills. He refers to them as "capitation fees" and "poll taxes," and claims that they are a violation of Ohio law. He also asserts that these charges violate Art. I, sec. 9 of the United States Constitution as well as the First and Fourteenth Amendments. He seeks monetary damages and injunctive relief.

## BACKGROUND

Plaintiff's Complaint alleges that the City of Cleveland Division of Water and the Northeast Ohio Regional Sewer District violated "Usury Law for Capitation fees Ohio Constitution XII.01 disconnected plaintiff water in Retaliation to Bankruptcy Court filing invaded Ohio Constitution Article XII.01." (ECF No. 1, PageID# 4). Plaintiff filed a Request for Emergency Injunction / Stay Order with his Complaint, which includes utility bills as exhibits.

(ECF No. 3, 3-2). The most recent water bill is from December 2020. (ECF No. 3-2 , PageID# 33). It shows a past due balance of $593.32. (*Id.*). The charges on the bill include a fixed charge of $ 9.20, as well as usage charges. (*Id.*). The most recent sewer bill he attaches is from September 2022. (*Id.* at PageID# 39). It shows a delinquent balance of $ 1,376.74. (*Id.*). This bill also has a fixed charge of $ 10.10 and a stormwater charge of $ 5.37 per month. (*Id.*). Plaintiff claims he uses $110 per month for water and sewer. (ECF No. 3, PageID# 16). He claims the rest of the charges are from fixed fees. (*Id.*). He indicates that the Water Department and the Sewer District now claim he owes over $3,000 in delinquent fees. (*Id.*).

Plaintiff asserts the Cuyahoga County Water Department and the Northeast Ohio Sewer District sent him shut-off notices in retaliation for a filing in his bankruptcy case. (ECF No. 1, PageID# 4; ECF No. 3, PageID# 16). He filed a Chapter 13 bankruptcy on April 24, 2018. (*In re Barksdale,* No. 18-15131, ECF No. 1 (Bankr. N.D. Ohio discharged Aug. 14. 2019)). The Chapter 13 was converted to a Chapter 7 on March 22, 2019. (*Id.*, ECF No. 46). The Bankruptcy Court discharged Plaintiff's debt on August 14, 2019. (*Id.*, ECF No. 63). On February 7, 2020, Plaintiff filed a Motion to Reopen his Bankruptcy claiming certain creditors were continuing to collect debts he believed to be discharged. (*Id.*, ECF No. 74). The Court denied the Motion on March 17, 2020, reminding Plaintiff that secured creditors are free to pursue actions against their collateral after the bankruptcy has concluded despite discharge of personal liability. (*Id.*, ECF No. 79). This included delinquent property tax liens held by the Cuyahoga County Treasurer on Plaintiff's real property. (*Id.*). On March 14, 2022, Plaintiff filed a Motion for Contempt of Court claiming that the City of Cleveland Division of Water and the Northeast Ohio Sewer District made efforts to collect money owed to them. (*Id.*, ECF No. 95). He claims that shortly after he filed the Motion, he received disconnection notices from the Water Department and the Sewer District. (*Id.*). The

Bankruptcy Court held a hearing and determined on April 27, 2022, that the delinquency in question was accrued after the conversion to Chapter 7 and was therefore not part of the Bankruptcy and was collectable. (*Id.*, ECF No. 104).

Plaintiff contends the Cuyahoga County Auditor "deprived Ohio Constitution XII.01 of Plaintiff and similar situated persons exercising Ohio Constitution Article XII.02a subsection (B)(1) Authority arbitrary depriving Plaintiff of his Fourteenth Amendment rights, from individuals acting under color of law in official capacity." (ECF No. 1, PageID# 4). The Request for Emergency Injunction/ Stay Order includes his property tax bill from tax year 2021, showing a past due balance of $2,999.47. (ECF No. 3-1, PageID# 31). Those charges include penalties for 2018 and 2019. (*Id.*). He explains that "Ohio Revised Code § 743f.04A(1)-(5) contributed to seizure of Plaintiff class African Americans real property, as majority of Tax Foreclosures occurred during the foreclosure crisis were against black Americans large numbers fall below U.SD. Poverty Thresholds and Poverty Guidelines, who are forced into contracts ORC §§ 323.31 & 323.121." (ECF No. 3, PageID# 27). Again attached to the Request for Emergency Injunction/ Stay Order, Plaintiff provided a Delinquent Tax Contract from the Cuyahoga County Treasurer dated March 3, 2020, allowing Plaintiff to pay his delinquent property taxes in monthly installments. (ECF. No. 3-1, PageID# 29). That contract also requires him to pay all current taxes in full and on time. (*Id.* at PageID# 29–30). The contract states that as long as Plaintiff is compliant with the terms of the contract, no interest will be charged on the delinquent amount and no foreclosure action will be pursued. (*Id.* at PageID# 29). He was notified that if he defaulted on the contract, all deferred penalties and interest would be added to the bill and a foreclosure action could be brought against him. (*Id.* at PageID# 30).

Plaintiff asserts that fixed charges of any sort on his utility and tax bills are in violation of the Ohio Constitution. (ECF No. 1, PageID# 4; ECF No. 3, PageID# 23–24). He claims that they violate the Fourteenth Amendment because they contribute to delinquent bills which can result in foreclosures, which he contends have an impact on the African American communities. (ECF No. 3, PageID# 24–25). In addition, he claims the Defendants retaliated against him by continuing to collect delinquent account balances after he filed his objection to the collection proceedings in Bankruptcy Court. (*Id.* at PageID# 18–19). He seeks monetary damages and injunctive relief. (ECF No. 1, PageID# 5; ECF No. 3, PageID# 27).

### STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

4

**DISCUSSION**

This Court lacks subject matter jurisdiction to hear the primary issues raised in this Complaint. Plaintiff disputes the municipality's authority under Ohio law to charge and collect fixed charges in addition to usage charges for utilities; he also disputes the County's authority to charge interest and penalties for unpaid tax balances. These are matters of state law, which this Court lacks subject matter jurisdiction to consider. While the Court *may* exercise supplemental jurisdiction over state law claims when they accompany federal law claims and are derived from the same nucleus of operative facts, the Court is not required to do so. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Where, as here, the federal law claims lack an arguable basis in law and facts and will be dismissed at the outset, the state law claims should also be dismissed. (*Id.*).

Plaintiff first challenges the collection of interest and penalties for property taxes. Where adequate state remedies exist, the Tax Injunction Act (28 U.S.C. § 1341) and principles of comity deprive federal courts of jurisdiction to consider claims that seek to enjoin, suspend, or restrain the assessment, levy or collection of any state tax, including property taxes. *Franchise Tax Bd. of California v. Alcan Aluminum Ltd.*, 493 U.S. 331, 338–39 (1990). These same principles also deprive the federal courts of jurisdiction to award damages for the collection of state taxes. *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 100–01 (1981); *Pegross v. Oakland Cnty. Treasurer*, 592 F. App'x 380, 380–87 (6th Cir. 2014). Plaintiff has a remedy under state law to appeal the property tax assessment via the Ohio Board of Tax Appeals. *See* R.C. § 5703.01, *et seq*. This Court lacks jurisdiction to enjoin Cuyahoga County from collecting property taxes or to award him damages stemming from the County's tax collection efforts.

In addition, although Plaintiff's claims against the State of Ohio are unclear, he cannot bring a suit for damages against this Defendant. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Plaintiff's claims under the Fourteenth Amendment are tenuous and unsubstantiated. He claims that Defendants practice race, income, and class discrimination by filing tax foreclosures which impacts poor African American communities. (ECF No. 3, PageID# 27). This generalization does not form a claim for denial of equal protection. The threshold inquiry for an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Plaintiff would have to plead facts suggesting that he was treated differently than other taxpayers who are delinquent on payment of their property taxes because of his race. Plaintiff does not suggest that Defendants were even aware of his race, or that others who were similarly delinquent on their taxes were not assessed interest and penalties. He does not allege these critical facts to state a claim for violation of Fourteenth Amendment rights.

Plaintiff also claims that the Water Department and Sewer District retaliated against him by mailing disconnection notices after Plaintiff filed a Motion for Contempt in his bankruptcy case on March 14, 2022 (post-discharge). (ECF No. 3, PageID# 16; *see* No. 18-15131, ECF No. 95). This claim arises under the First Amendment. (*Id.*). As an exhibit to the bankruptcy court Motion, Plaintiff submitted copies of correspondence from the Water Department and Sewer District relating to his delinquent accounts, all of which predate the Motion for Contempt. (*Id.* at 6, 9–18). Another document attached to that Motion, a Water Review Board Hearing Request Form, represents that Plaintiff had received a shut-off/termination notice sometime between February 10,

6

2022 and February 20, 2022. (*Id.*). Because the termination notice was mailed before he filed the Motion, it cannot support a claim of retaliation. Moreover, the Bankruptcy Court already addressed the merits of the Motion and determined that the collection efforts were aimed at delinquencies that accrued after the conversion to Chapter 7 bankruptcy and after the date of Plaintiff's discharge. (*See* No. 18-15131, ECF No. 104). Plaintiff's retaliation claim therefore fails as a matter of law.

Plaintiff's First and Fourteenth Amendment claims and his challenge to the collection of taxes are his only federal claims. Because the Court is dismissing Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

### Conclusion

Accordingly, this action is dismissed pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: February 21, 2023

*Charles Fleming*

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**